# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-1355V
(Unpublished)

| | |
|---|---|
| MARY JONES, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: December 21, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Mark Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
*James Lopez*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING PETITION[1]

### I.   Procedural History

On September 5, 2019, Mary Jones ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging she developed Guillain Barré syndrome ("GBS") and a peripheral neuropathy from the influenza vaccination she received on December 8, 2016. Pet. at 1, ECF No. 1. In the alternative, Petitioner alleges that the flu vaccine significantly aggravated her GBS and peripheral neuropathy. *Id.* Petitioner filed a statement of completion on May 29, 2020. ECF No. 22.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On February 10, 2021, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 37. More specifically, Respondent stated that

> None of petitioner's treating physicians, including her multiple neurologists, diagnosed her with GBS. (citations omitted)
>
> Petitioner's ultimate condition six months after her December 8, 2016 flu vaccination is no different tha[n] her condition before vaccination. Petitioner claims to suffer from ongoing leg weakness and incontinence. Petitioner suffered from these symptoms prior to vaccination and her medical records contain no indication that either symptom had worsened.
>
> Petitioner has not provided evidence that she suffered a vaccine-related injury lasting more than six months. As such, the claim does not meet the statutory severity requirement for entitlement to compensation.

*Id.* at 10, 11, 12. Respondent also argues that Petitioner's claim lacks a reasonable basis. *Id.* at 13-14.

After Respondent's Rule 4(c) Report, Petitioner indicated she wished to file an expert report. Pet'r's Status Report, ECF No. 38. Petitioner filed numerous motions for extensions of times, which were granted. ECF Nos. 40, 41, 42, 43, 45, 46, 48, 49, 50, 51. After a number of extensions, Petitioner's counsel indicated he had been unable to reach his client regarding testing requested by her expert. ECF No. 51.

I held a status conference on November 1, 2022 to address Petitioner's latest motion. *See* Scheduling Order dated 11/1/2022, ECF No. 52. Mr. Sadaka informed me that he had talked to his client recently but that she might be unwilling to undergo additional testing required for an expert report. *See id.* If she remained unwilling, Mr. Sadaka would urge her to withdraw her claim. I granted Petitioner until December 1, 2022 to indicate how she would like to proceed. *See id.*

On December 1, 2022, Petitioner filed another motion for an extension of time, indicating she agreed to discontinue her claim but had not finalized the paperwork. ECF No. 53. Petitioner requested an additional three weeks to indicate how she would like to proceed. I granted this request.

Petitioner filed the instant motion to dismiss her Petition on December 22, 2022, stating

> [Petitioner] respectfully moves for a decision by the Special Master dismissing her case. Petitioner understands that a decision by the Special Master dismissing her petition will result in judgment against her. Petitioner has been advised that such a judgment will end all of her rights in the Vaccine Program…. Petitioner does intend to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-12(a)(2), she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action.

ECF No. 54 at 1, 2.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master